NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION | : | Hon. Dennis M. Cavanaugh |
|  | : |  |
|  | : | **OPINION** |
| Plaintiffs, | : |  |
|  | : | Civil Action No. 00-CV-3174 (DMC) |
| v. | : |  |
|  | : |  |
| LANE LABS-USA, INC., CARTILAGE CONSULTANTS, INC., corporations, and I. WILLIAM LANE and ANDREW J. LANE, individuals, | : |  |
|  | : |  |
| Defendants. | : |  |

<u>DENNIS M. CAVANAUGH, U.S. District Judge</u>

This matter comes before the Court on motion by the Federal Trade Commission ("FTC" or "Plaintiff") to Seal Confidential Materials in connection with its Order to Show Cause Why Lane Labs-USA, Inc., Cartilage Consultants, Inc., I. William Lane and Andrew Lane ("Defendants") Should Not be Held in Contempt. For the reasons set forth below, Plaintiff's motion is **denied.**

## **Background**

In 2000, the FTC entered into Stipulated Final Orders with Defendants in connection with Defendants' marketing and sale of two products: SkinAnswer and BeneFin. Each Order required the Defendants to have competent and reliable scientific evidence to substantiate any

representation they made regarding the effect of any product on any disease or disorder or the structure or function of the human body, or about any other health benefits of such product.  The Orders also barred Defendants from misrepresenting the results of any tests, studies or research.  The FTC has filed this Order to Show Cause because it argues that Defendants have violated the Orders of 2000 by making spurious claims in their advertising of two other products: Fertil Male and AdvaCAL.

### Motion to Seal Analysis

Pursuant to Local Rule 5.3(c)(2), the papers filed in connection with a Motion to Seal or Otherwise Restrict Public Access "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2).

L. Civ. R. 5.3 contains a presumption, based on First Amendment considerations and the common law right of access to judicial records, that materials filed with the Court and judicial proceedings are open to the public.  See Nixon v. Warner Commc'ns, 435 U.S. 589 (1978)

In accordance with L. Civ. R. 5.3, Plaintiff describes the nature of the materials they wish sealed as "sensitive financial information concerning the Lane Labs' sales of AdvaCAL and FertilMale."  The Motion explains that the legitimate private interests which warrant the relief sought is Defendants' interest in protecting "sensitive financial information."  The Motion defines the serious injury that would result as a belief that it would place Defendants at a disadvantage against its competition.  Lastly, the Motion explains that "there is no less restrictive alternative that would adequately safeguard the information contained in the FTC's damages

brief and the Second Meyer Declaration."

A literal analysis of L. Civ. R. 5.3(c)(2) suggests that the parties' Motion to Seal falls short of the elements necessary to overcome the presumption that materials filed with the Court shall be open to the public. To overcome this presumption, Plaintiff must demonstrate that good cause exists for the protection of the material at issue. Good cause exists when a party makes a particularized showing that disclosure will cause a "clearly defined and serious injury to the party seeking closure." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). Good cause has not been established where a party merely provides "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Id. (*quoting* Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986)).

The Motion here does describe the nature of the materials at issue, and perhaps touches on the legitimate private interest which warrants the relief sought. However, the Rule requires that the moving party establish a clearly defined and serious injury that can only be avoided by sealing the information at issue. Plaintiff's motion merely states that the Defendants would be injured if certain information were made available to its competitors. The general statement of concern over competitors possible access to Defendants financial data is far from "clearly defined."

The Motion's most serious flaw is that it merely states conclusively that "there is no less restrictive alternative that would adequately safeguard the information." The Rule, however, demands a reason "why a less restrictive alternative to the relief sought is not available." Plaintiffs' Motion does no more than assert the lack of less restrictive alternatives to the relief sought without explaining why or providing any reasons at all. This assertion is not enough to

3

causel this Court to seal the information in question.

## Conclusion

Based on the foregoing, Plaintiff's Motion to Seal Confidential Materials is **denied**  An appropriate Order accompanies this Opinion.

                                          S/ Dennis M. Cavanaugh
                                          Dennis M. Cavanaugh, U.S.D.J.

Date:   Jan.   29   , 2007