<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** : | |
| Plaintiff, : | Civil Action No. 00-CV-3174 (DMC) |
| -vs- : | |
| **LANE–LABS, USA, INC., ANDREW** : | |
| **J. LANE, and I. WILLIAM LANE,** : | <u>OPINION</u> |
| Defendants. : | |

Before the Court is the motion of Plaintiff, the Federal Trade Commission ("FTC"), to compel the production of an email. The email was drafted by Defendants' testifying expert, Dr. Takuo Fujita, and sent to Lane Labs and Andrew Lane's (collectively, "Defendants") counsel, Jack Wenik, Esq. The Court decides this matter without oral argument. Fed. R. Civ. P. 78(b); L.Civ.R. 37.1(b)(4). For the reasons that follow, Plaintiff's motion is **denied**.

In its present state, this case amounts to a contempt proceeding brought by the FTC against Defendants for the alleged violation of Orders issued by former District Judge William G. Bassler in July and September of 2000. Judge Bassler's Orders precluded Defendants from making representations regarding the effect of any health product without reliable scientific evidence. Claiming Defendants violated the Orders, the FTC filed a motion to hold Defendants in contempt on January 11, 2007. Following extensive discovery,

the matter has been scheduled for a hearing before the Honorable Dennis M. Cavanaugh, U.S.D.J. on November 3, 2008.

The present discovery motion seeks the production of an email drafted on March 17, 2008, by Dr. Fujita and sent to Mr. Wenik. Plaintiff contends that Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to disclose all communications between counsel and testifying experts that relate to the subject matter of an action. According to the FTC, the "integrity of the truth finding process" requires that it be permitted to review all communications that relate to an expert's opinion.

Defendants argue that the email is protected by the work-product doctrine, and that Rule 26(a)(2)(B) only requires the disclosure of protected materials when they have been considered by an expert for purposes of his or her expert report or testimony. Defendants also claim that because the email at issue was drafted in Dr. Fujita's role as a consultant long after he issued his report, and solely to assist Defendants' counsel for the deposition of Plaintiff's expert, the email remains protected by the work-product doctrine.

The email in dispute was submitted for *in camera* review on July 14, 2008, and the dispute is now ripe for decision.

## **DISCUSSION**

The 1993 amendments to the Federal Rules of Civil Procedure added Rule 26(a)(2)(B), which requires testifying experts to submit an expert report and disclose, among other things, "the data or other information *considered* by the witness in forming [the

witness's opinion]." Fed. R. Civ. P. 26(a)(2)(B)(ii) (emphasis added). The term "considered" has been interpreted to mean information the expert reviewed, read, reflected on, or used in reaching his or her opinion. See Dyson Tech. Ltd. v. Maytag Corp., 241 F.R.D. 247, 251 (D. Del. 2007); Synthes Spine Co. v. Walden, 232 F.R.D. 460, 463 (E.D. Pa. 2005).

Although the case law is not uniform, the overwhelming majority of courts have required the production of any information considered by a testifying expert in reaching his or her opinion, regardless of any privilege that may otherwise exist. See, e.g., Reg'l Airport Auth. v. LFG, LLC, 460 F.3d 697, 714-16 (6th Cir. 2006); In re Pioneer Hi-Bred Int'l, Inc., 238 F.3d 1370, 1375 (Fed. Cir. 2001); Vitalo v. Cabot Corp., 212 F.R.D. 478, 479 (E.D. Pa. 2002). The majority view is supported by the advisory committee's note to Rule 26, which provides: "The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26 advisory committee's note.

In resolving a prior dispute, this Court adopted the majority view in this case during a hearing in November 2007. Accordingly, this Court ordered Defendants to produce all information, privileged or not, that was considered by Dr. Fujita in formulating his opinion.

3

(See Transcript of Hearing (11/29/07) at 21–22.) Of course, this ruling was limited to the issue before the Court at that time, i.e., whether plaintiff was entitled to discover materials considered by Dr. Fujita in connection with his expert report. The instant issue is different and requires a different analysis.

Dr. Fujita's expert report, produced in the form of a declaration, was issued on March 9, 2007. The email in dispute was authored on March 17, 2008, more than a year *after* Dr. Fujita's report was issued. Rule 26(a)(2)(B), the rule Plaintiff contends compels disclosure, is labeled "Written Report" and by its terms applies to the contents and requirements of an expert's report. See Fed. R. Civ. P. 26(a)(2)(B) ("The *report* must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the data or other information considered by the witness in forming them . . . ." (emphasis added)). As the Supreme Court has noted, the Federal Rules of Civil Procedure are given "their plain meaning, and generally with them as with a statute, when we find the terms unambiguous, judicial inquiry is complete." Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120, 123 (1989) (quotation and citation omitted). Because the email was written after the expert report was drafted, it could not have been "considered" in connection with the expert's opinion, and Rule 26(a)(2)(B) does not compel its disclosure, nor apply at all.

More fundamentally, the email was written by Dr. Fujita himself. It is not a document provided *to* him in order to formulate an opinion. It reflects *his own thoughts* on the other side's expert report. It is illogical and meaningless to claim he somehow relied on his own

4

thoughts a year later to formulate his already established opinion, and that, therefore, his thoughts should be produced. His opinion, which must be set forth in its entirety in his report, was written before the email containing his reaction to Plaintiff's second expert report.

Despite the text of the rule, the FTC attempts to fashion an argument based on the practical observation by some courts that an expert witness's testimony is not limited to reading their report into the record. See, e.g., Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167 (D.C. Cir. 2007); cf. Hill v. Reederei F. Laeisz G.M.B.H, Rostock, 435 F.3d 404, 423 (3d Cir. 2006). Based on similar arguments, some courts have required the disclosure of communications between counsel and testifying experts made after the report was issued, but prior to the time the expert testifies at trial. See Connolly v. Bidermann Indus. Corp., No. 95-1791, 1999 U.S. Dist. LEXIS 2435 (S.D.N.Y. Feb. 19, 1999); Baerga v. The Hospital of Special Surgery, No. 97-0230, 1998 WL 34363785 (S.D.N.Y. Nov. 11, 1998). The rationale behind these decisions is, generally, that an expert's report does not "immunize her thought process from bolstering or modification between the date of the report and the date of trial," and that "[t]he opposing party is entitled to explore all possible influences of the expert's thought processes." Baerga, 1998 WL 34363785, at *1. Despite the creativity of the argument, it simply does not apply here.

As stated, the email in dispute was drafted by Dr. Fujita as a reaction to the report of the FTC's expert, Dr. Robert Heaney. It was not provided to him for consideration in

5

reaching his expert opinion. First, Dr. Fujita's opinion was formed well before he drafted the email, and his testimony must be based on that opinion. Second, the email represents his own thoughts about the opposing expert opinion. This subject can (and usually is) fully explored on cross-examination at deposition and trial.

If Plaintiff's position was adopted, it could lead to unreasonable scenarios. That is, if a party was entitled to updated discovery about what an expert thought about the other experts' testimony, the process would never end. For example, one could imagine a party seeking to re-depose the opposing expert after witnessing the deposition of its own expert, or seeking notes made after reading the other experts' deposition, or even seeking to depose an expert during a break in a trial about their reaction to the other experts' trial testimony. It does not work that way. Parties can and do question experts about their reaction to the opposing experts' report at deposition and then on cross-examination at trial.

Finally, there appears to be an entirely separate reason to deny the relief the FTC seeks—that is, Dr. Fujita did not consider the email in his capacity as a testifying expert witness.

Courts have recognized that in some circumstances an expert could be retained by counsel not only to testify, but also as a consultant used to conduct depositions of adverse parties, formulate discovery requests, and perform similar tasks requiring technical expertise. See B.C.F. Oil Ref., Inc v. Consol. Edison Co., 171 F.R.D. 57, 61 (S.D.N.Y. 1997). If this delineation was clearly made, the protection afforded by the work-product doctrine remains.

6

See id. The generally accepted rule in such circumstances is that documents having no relation to the expert's role as an expert need not be produced. See id.

Defendants argue that the email at issue fits squarely into this exception. Dr. Fujita's expert report was produced a year before the email was written and, therefore, the email did not impact the report. As such, Defendants contend that the requisite "delineation" between Dr. Fujita's role as an expert and that of a consultant is present. The Court agrees.

It is clear that Dr. Fujita reviewed the email while acting as a consultant. The email contains comments regarding the report of the FTC's expert, which were prepared to help counsel with Dr. Heaney's deposition. Dr. Fujita's opinion is in his report and is subject to cross-examination at trial. The email amounts to consulting advice given to Defendants' counsel and remains protected from disclosure. See Bro-Tech Corp. v. Thermax, Inc., No. 05-2330, 2008 U.S. Dist. LEXIS 21233, at **10-11 (E.D. Pa. Mar. 17, 2008).

## CONCLUSION

For the reasons expressed herein, Plaintiff's motion to compel is **denied**.

Dated: August 25, 2008

   s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

Orig.: Clerk of the Court
cc: Hon. Dennis M. Cavanaugh, U.S.D.J.
      All Parties