UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | Docket No. 00-CV-3174 (DMC) |
| vs. | |
| LANE LABS-USA, INC., CARTILAGE CONSULTANTS, INC., corporations and I. WILLIAM LANE and ANDREW J. LANE, individuals, | |
| Defendants. | |

**DEFENDANTS LANE LABS-USA, INC. AND ANDREW J. LANE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STRIKE EXHIBITS H-J TO THE DECLARATION OF THEODORA MCCORMICK (ECF No. 183) AND ALL REFERENCES THERETO IN DEFENDANTS' SUPPLEMENTAL DAMAGES BRIEF (ECF No. 181)**

Jack Wenik
SILLS CUMMIS & GROSS PC
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
Attorneys for Defendants
Lane Labs-USA, Inc., and
Andrew J. Lane

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Adams v. County of Erie*,
  2011 U.S. Dist. LEXIS 112351 (W.D. Pa. Sept. 30, 2011)..................4

*Barnes Found. v. Township of Lower Merion*,
  982 F. Supp. 970 (E.D. Pa. 1997)..................................................4

*Big Sur Waterbeds v. Maryland Cas. Co.*,
  1992 U.S. Dist. LEXIS 22596 (C.D. Cal. Dec. 22, 1992)..................2

*GE Capital Corp. v. Lease Resolution Corp.*,
  128 F.3d 1074 (7th Cir. 1997) .....................................................3

*In re Welding Fume Prods. Liab. Litig.*,
  534 F. Supp. 2d 761 (N.D. Ohio 2008) ..........................................2

*Oshinsky v. N.Y. Football Giants, Inc.*,
  2009 U.S. Dist. LEXIS 107608 (D.N.J. Nov. 17, 2009) ....................4

*Tishcon Corp. v. Soundview Communs., Inc.*,
  2006 U.S. Dist. LEXIS 97309 (N.D. Ga. Feb. 14, 2006)...................4

**RULES**

Fed. R. Evid. 803 ...................................................................*passim*

**OTHER AUTHORITIES**

Di Shi, et al., *Associations of Education Level and Bone Density Tests among Cognitively Intact Elderly White Women in Managed Medicare*.............1

http://aje.oxfordjournals.org/content/by/year. ........................................3

http://www.hindawi.com/journals/cggr/. ................................................3

http://www.oxfordjournals.org/our_journals/aje/about.html....................3

http://www.periodicals.com/html/ihp_e.html?sp0937941X....................3

http://www.springer.com/medicine/orthopedics/journal/198....................3

J. Foote, et al., *Factors Associated with Dietary Supplement Use Among Healthy Adults of Five Ethnicities: The Multiethnic Cohort Study* ....................... 1

R.L. Prentice, et al., *Health Risks and Benefits from Calcium and Vitamin D Supplementation: Women's Health Initiative Clinical Trial and Cohort Study* ........................................................................................................... 1

# ARGUMENT

## THE CHALLENGED ARTICLES ARE RELIABLE AND ADMISSIBLE

The Plaintiff Federal Trade Commission's ("FTC") Motion to Strike Exhibits H-J[1] to the Declaration of Theodora McCormick (ECF No. 183) and All References Thereto in Defendants' Supplemental Damages Brief (ECF No. 181) (the "Motion to Strike") must be denied. The unique circumstances of the contempt sanctions hearing to be held render the FTC's hearsay argument meritless. Moreover, even if the Articles were considered hearsay, they are admissible under the exception outlined in Fed. R. Evid. 803(18)(B).

On the most basic level, the relief sought by the FTC is unfair and evidence of its gamesmanship. The FTC has consistently argued that Defendants' consumers are unable to determine the efficacy of AdvaCal without recourse to bone density scans. The agency then simply assumes that the typical AdvaCal consumer has not had a bone density scan and is ignorant of their bone health. In fact, this argument was critical to the FTC's motion in limine seeking to exclude Linda Gilbert's

---

[1] The three articles (the "Articles") the FTC seeks to exclude are: 1) J. Foote, et al., *Factors Associated with Dietary Supplement Use Among Healthy Adults of Five Ethnicities: The Multiethnic Cohort Study*, 157 American Journal of Epidemiology 888 (2003); Di Shi, et al., *Associations of Education Level and Bone Density Tests among Cognitively Intact Elderly White Women in Managed Medicare,* Current Gerontology and Geriatrics Research, Volume 2012 (2012), Article ID 179150; R.L. Prentice, et al., *Health Risks and Benefits from Calcium and Vitamin D Supplementation: Women's Health Initiative Clinical Trial and Cohort Study*, 24 Osteoporosis International 567 (2013).

satisfaction survey. As part of its good-faith effort to demonstrate to the Court that AdvaCal consumers do commonly have access to bone density scans and are aware of their bone health, Defendants have proffered studies which refute with facts the speculation of the FTC. In response, the FTC now seeks to exclude that evidence on substance-less and meritless procedural grounds.

Beyond the equities of the current motion, even if the Court considered the Articles hearsay, they are admissible. Pursuant to Federal Rule of Evidence 803(18)(B), statements in a learned treatise, such as those contained in the Articles, "may be read into evidence" if "the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, *or by judicial notice*." Here, the Court can and should take judicial notice of the reliability of the Articles.

"The basis for this 'learned treatise exception' to the hearsay rule is that learned treatises usually have 'sufficient assurances of trustworthiness to justify equating them with the live testimony of an expert.'" *In re Welding Fume Prods. Liab. Litig.*, 534 F. Supp. 2d 761, 765 (N.D. Ohio 2008). A court may take judicial notice of a learned treatise when its "accuracy could not be reasonably questioned." *Big Sur Waterbeds v. Maryland Cas. Co.*, 1992 U.S. Dist. LEXIS 22596, at *9 (C.D. Cal. Dec. 22, 1992) (citing Fed. R. Evid. 201(b)(2)). For example, the Seventh Circuit has noted that texts such as Gray's Anatomy and

United States Census data may be accepted via the judicial notice provision of Rule 803(18). *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997). That same decision eschewed judicial notice of settlement agreements, government crash test records and daily newspaper articles. *Id.*

    Here, various factors indicate that the Articles are reliable examples of proto-typical learned treatises. For example, each Article is published as part of a prestigious, peer reviewed, professional-medical journal.[2] Moreover, there can be no argument that the authors were biased in favor of Defendants due to the lack of any relationship or connection to the Defendants. Finally, the cases cited by the

---

[2] The American Journal of Epidemiology is a peer reviewed journal in publication since 1921. *See* http://www.oxfordjournals.org/our_journals/aje/about.html; http://aje.oxfordjournals.org/content/by/year.

Osteoporosis International is "[a]n international multi-disciplinary journal which is a joint initiative between the International Osteoporosis Foundation and the National Osteoporosis Foundation of the USA . . . ." *See* "Aims and Scope" tab at http://www.springer.com/medicine/orthopedics/journal/198. It has been in publication since 1991. *See* http://www.periodicals.com/html/ihp_e.html?sp0937941X.

The Current Gerontology and Geriatrics Research, which features the article about the availability and usage of bone density Tests, is aimed "at scientists, geriatricians, health professionals interested in molecular, cellular, organismal aspects of gerontological research and in diagnosis, treatment, evaluation and educational aspects of geriatrics research." *See* http://www.hindawi.com/journals/cggr/. It "currently has an acceptance rate of 23%." *Id.*

3

FTC indicate that the Articles are precisely the type of documents the Court *can and should* take judicial notice of.[3]

The FTC's Motion to Strike seeks to have the Court arbitrarily and unjustly limit the amount of information at its disposal at the contempt sanctions hearing. This is inappropriate and not required by the law. The Articles were properly submitted and should be considered by the Court.

---

[3] The FTC cites four cases in which a Court declined to admit various documents pursuant to Rule 803(18). Each are factually distinguishable and, by contrast, serve to demonstrate the reliability and professional nature of the Articles submitted by the Defendants to the Court. *Tishcon Corp. v. Soundview Communs., Inc.*, 2006 U.S. Dist. LEXIS 97309, at *18 (N.D. Ga. Feb. 14, 2006), dealt with various publications that the declaring attorney had no personal knowledge of and looked "like something that was printed off of a home computer." The other cases all dealt with newspaper articles or their contents. *See Oshinsky v. N.Y. Football Giants, Inc.*, 2009 U.S. Dist. LEXIS 107608, at *11-12 (D.N.J. Nov. 17, 2009); *Barnes Found. v. Township of Lower Merion*, 982 F. Supp. 970, 996 (E.D. Pa. 1997); and *Adams v. County of Erie*, 2011 U.S. Dist. LEXIS 112351, at *70-71 (W.D. Pa. Sept. 30, 2011).

## CONCLUSION

For the foregoing reasons, Defendants Andrew J. Lane and Lane Labs-USA, Inc. respectfully request that the Court deny the FTC's Motion to Strike.

                                        Respectfully submitted,

                                        SILLS CUMMIS & GROSS P.C.
                                        One Riverfront Plaza
                                        Newark, New Jersey 07102
                                        (973) 643-7000
                                        Attorneys for Defendants
                                        Lane Labs-USA, Inc., and
                                        Andrew J. Lane


By:    <u>s/ Jack Wenik</u>
             JACK WENIK

## CERTIFICATE OF SERVICE

I hereby certify that the above document was electronically filed using the CM/ECF system and was served upon the following counsel of record via electronic mail on this the 6th day of January, 2014.

Amanda C. Basta, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop M-8102B
Washington, D.C. 20580

Elsie Bennett Kappler
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mailstop M-8102B
Washington, D.C. 20580

By:    <u>s/ Jack Wenik</u>
       JACK WENIK